The Chief Justice

delivered the Opinion of the Court.
This is a proceeding by scire facias, against special bail, under the acts of 1821 and 1829. And the judgment rendered against the bail, should, in our opinion, be reversed.
Although the scire facias alleges that a steam boat was taken from this State by the principal debtor, after the date of the recognizance, it does not suggest that the defendant in the original action had title to, or interest in, *127 that boat. And consequently, according to the act of 1829, the scire facias showed no breach of the obligation of the bail; and the Circuit Judge should have adjudged the scire facias insufficient, instead of sustaining, as he did, demurrers to pleas.
A sale of property of the defendant in the original action, for its value, under a bonafide lien existing at the date of the recognizance, and its subsequent removal from the State, is no breach of the recognizance.
A temporary removal of the property, would not render the bail liable, provided it was bro’t back in time for the first fi fa to be levied on it.
For this error, the judgment must be reversed, and we do not deem it necessary to decide on other assignments of error.
In remanding the case, however, it may be proper to suggest—first, that if, as averred in a plea, No. 5, the steam boat, the removal of which is charged in the scire facias, was sold in this State, under a valid decree subjecting it to a bona fide lien upon if, subsisting at the date of the acknowledgment by the bail, and for a debt equal to its value, he is not liable in consequence of any removal of it from this state by his principal.
And, secondly, that he should not be liable in consequence merely of a temporary removal of the boat, by his principal, beyond the limits of Kentucky, even if the boat was then the unincumbered property of that principal; provided that it was brought back again so as to have been subject to a first fieri facias issued on the judgment in the original action. We need not intimate whether the bringing of the boat back at any time subsequent to a return of a first fieri facias on the judgment, would exonerate the bail.
Judgment reversed, and cause remanded for a new trial.